## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **THOMAS ALLEN FARR,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION FILE** |
| **CTG HOSPITALITY GROUP, LLC (d/b/a LIVE! AT THE BATTERY), et al.** | **NO. 1:22-CV-00883-TWT** |
| **Defendants.** | **Jury Trial Demanded** |

## PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND TO DROP CERTAIN PARTIES DEFENDANT

### I.      STATEMENT OF FACTS

On February 1, 2022, Plaintiff filed his Complaint in Cobb County State Court. The Complaint was prepared in accordance with Georgia pleading standards. However, the case was immediately removed to this Court and then stayed. The stay was entered in light of the ongoing state court criminal case that was pending against the Plaintiff.  That case has been resolved and terminated favorably to this Plaintiff.

Prior to the stay being entered, several Answers and three Motions to Dismiss were filed. Two Defendants are in default.  While Plaintiff served discovery with the Complaint, no responses were served.  There has been no other discovery and the

1

Court has not entered a Scheduling Order. Discovery in this case is stayed pending the Court's ruling on the Motions to Dismiss.

Contemporaneously herewith, Plaintiff is responding to the Motions to Dismiss and contends that the Complaint meets the requirements set forth in Fed. R. Civ. P. 12(b)(6). Nevertheless, in recognition of the change in circumstances occasioned by the removal of this case from state court, and out of an abundance of caution to address the federal pleading standards in this removed case, Plaintiff submits the attached Amended Complaint and moves this Court for leave to file the same.

In addition, since the time of filing the original Complaint, Plaintiffs have been able to determine that two (2) of the corporate Defendants can be dropped. Accordingly, in the proposed Amended Complaint attached hereto, those Defendants have been deleted both from the body and the style of the case.[1]

## II.    ARGUMENT AND CITATIONS OF AUTHORITY

### A. Motion to Amend.

Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading once as a matter of course within ... 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the

---

[1] Plaintiff Thomas Allen Farr is also known as Thomas Allen Farr, Jr. and this is reflected in the attached Amended Complaint.

opposing party's written consent or the court's leave," but "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2). The Eleventh Circuit has held that "[f]iling a motion is the proper method to request leave to amend a complaint," and that a motion for leave to amend "should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Cita Trust Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018) (quoting <u>Long v. Satz</u>, 181 F.3d 1275, 1279 (11th Cir. 1999)).

The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Foman v. Davis,* 371 U.S. 178, 182 (1962). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id*.; s*ee also Goolsby v. Gain Technologies, Inc.*, 362 F. App'x 123, 131 (11th Cir. 2010). Indeed, "in the absence of a declared or apparent reason, an outright refusal to grant leave to amend is an abuse of discretion." *Id*.; s*ee also Thomas v. Farmville Mfg. Co., Inc.*, 705 F.2d 1307, 1307–08 (11th Cir. 1983).

3

"Where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, we have held that a district court should give a plaintiff an opportunity to amend his complaint instead of dismissing it." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).

In the instant case, there is clearly no prejudice to the defense in allowing Plaintiff to amend the Complaint. There has been no discovery and there is no scheduling order. Indeed, there haven't even been Answers filed by all the Defendants. This is the first amendment requested by Plaintiff; there have not been multiple opportunities for correction that have been squandered. And the proposed amendment is not futile. Plaintiff was a young, unarmed patron at a bar, who wound up hospitalized with a broken neck after an unnecessary, violent interaction with two (2) off-duty Cobb County police officers. To the extent that the Motions to Dismiss contend there are pleading irregularities, there should be an opportunity to cure any perceived defects in the pleading, rather than allow those curable defects to cause a full dismissal.

Plaintiff has clearly already stated a "proper subject of relief" and a dismissal with no opportunity to amend would not serve the interests of justice.

### B. <u>Motion to Drop Defendants</u>

Plaintiff originally sued a number of corporate Defendants that Plaintiff now wishes to drop from the case in order to streamline the matter, to wit: BDC/Fuqua

4

Retail, LLC and Braves Development Company.[2] "On motion or on its own, the court may at any time, on just terms, add or drop a party…." Fed. R. Civ. P. 21. Plaintiff moves this Court, prior to the commencement of discovery, for an Order dropping these parties and amending the style of the case.

### III.   CONCLUSION

For the reasons stated above and for good cause shown, this Court should grant Plaintiff leave to file the attached Amended Complaint, pursuant to Fed. R. Civ. P. 15, and grant Plaintiff's Motion to Drop Defendants BDC/Fuqua Retail, LLC and Braves Development Company as parties to the case and to amend the style accordingly.

This 7th day of December, 2023.

**GARLAND, SAMUEL & LOEB, P.C.**

BY:   */s/ Donald F. Samuel*
         Donald F. Samuel, Esq.
         Georgia Bar No. 624475

BY:   */s/ Robin N. Loeb*
         Robin N. Loeb, Esq.
         Georgia Bar No. 455702

---

[2] Braves Development Company, **LLC**, however, will remain a Defendant. They are two (2) different entities with similar names.

3151 Maple Drive, NE
Atlanta, Georgia 30305
Telephone: (404) 262-2225
Facsimile:  (404) 365-5041
dfs@gsllaw.com
rnl@gsllaw.com

**HILLIN LAW, PLLC**

BY:     */s/ Hunter T. Hillin*
   Hunter T. Hillin, Esq.
   Georgia Bar No. 952092
   Texas State Bar. No. 09677930
   Oklahoma State Bar No. 19609
   New Mexico Bar No.

   *Attorneys for Plaintiffs*

6060 N. Central Expressway
Suite 500
Dallas, Texas 75206
Telephone: (512) 236-1418
Facsimile: (512) 236-1407
hunter@hillinlaw.com

## <u>CERTIFICATE OF SERVICE AND COMPLIANCE</u>

The undersigned attorney hereby certifies that the PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND TO DROP CERTAIN PARTIES DEFENDANT was prepared in accordance with L.R. 7.1 using Times New Roman 14-point font.

This was filed using the Clerk of Court CM/ECF portal, which will automatically send email notification of such filing to all attorneys of record.

So certified, this 7th day of December, 2023.


*/s/ Robin N. Loeb*
Robin N. Loeb
Georgia Bar No. 455702

*Attorney for Plaintiff*