IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS ALLEN FARR,<br><br>    Plaintiff,<br><br>      v.<br><br>CTG HOSPITALITY GROUP, LLC d/b/a LIVE! AT THE BATTERY, ET AL.,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:22-CV-883-TWT |

**OPINION AND ORDER**

This is a civil rights action. It is before the Court on the Plaintiff Thomas Allen Farr's Motion to Amend the Complaint [Doc. 25]. For the reasons set forth below, the Plaintiff's Motion to Amend the Complaint [Doc. 25] is GRANTED.

**I.  Background**

On the night of February 1, 2020, the Plaintiff was a patron at a bar in Cobb County known as PBR Atlanta and/or Live! ("PBR") with friends. (Compl. ¶ 85). Defendant Officers Clinton Monahan and David Whitley were working part-time security jobs at PBR that evening but were regularly employed by the Cobb County Police Department. (*Id.* ¶¶ 9, 13, 84). According to the Plaintiff, at some point during the evening, the Plaintiff and his friends were approached by Officer Monahan and told to leave PBR. (*Id.* ¶ 86). The Plaintiff alleges that he walked away from PBR toward a staircase that separated the

upper and lower levels of the premises, and as he did so, he was "aggressively approached" by the manager of PBR. (*Id.* ¶ 91). The Plaintiff alleges that the manager began pushing the Plaintiff towards the stairs with his chest, and after the manager walked away, Officer Monahan approached the Plaintiff. (*Id.* ¶¶ 96-97). Then, the Plaintiff alleges, Officer Monahan shoved the Plaintiff backwards down the staircase. (*Id.* ¶ 102). The Plaintiff alleges that he stumbled but regained his balance before Officer Monahan "violently slammed" him to the ground using an "armbar-takedown." (*Id.* ¶¶ 106-07). The Plaintiff alleges that Officer Whitley then assisted Officer Monahan in restraining the Plaintiff's hands behind his back, after which the Officers "drove [the Plaintiff's] head into the concrete, breaking his neck." (*Id.* ¶¶ 113-14).

The Plaintiff filed suit in the State Court of Cobb County on February 1, 2022. Defendants Cobb County, Officer Whitley, Chief Timothy Cox, and Officer Monahan ( "the County Defendants") removed the action to this Court on March 2, 2022. [Doc. 1 "Not. of Removal"]. Various Defendants then moved to dismiss. [Docs. 4, 5, 7]. Officer Whitley and Officer Monahan, (the "Officer Defendants"), in their individual capacities, moved to stay this action while the Plaintiff's related criminal proceedings were pending, which was granted on March 22, 2022. [Docs. 9, 16]. The stay was then lifted on November 7, 2023. [Doc. 21]. Shortly thereafter, the Plaintiff filed the Motion to Amend the Complaint and to Drop Certain Parties [Doc. 25] that is presently before the

2

Court. In his original Complaint, the Plaintiff asserted several state law claims against the Officer Defendants individually, as relevant, including: (1) assault; (2) battery; (3) false imprisonment; (4) false arrest; and (5) malicious prosecution. The Plaintiff also asserted claims under 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) against the County Defendants.

## II. Legal Standards

When a party is not entitled to amend its pleading as a matter of course, it must obtain the opposing party's consent or the court's permission to file an amendment. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that a court should "freely" give leave to amend a pleading "when justice so requires." *Id.* Although a discretionary decision, the Eleventh Circuit has explained that "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). Generally, "where a more carefully drafted complaint might state a claim, a plaintiff must be given *at least one* chance to amend the complaint before the district court dismisses the action with prejudice." *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (citation omitted). There are three exceptions to this rule: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments; (2) where allowing amendment would cause undue prejudice to the opposing

3

party; or (3) where amendment would be futile." *Id.* (citation and alteration omitted).

The Eleventh Circuit has clarified that "the lengthy nature of litigation, without any other evidence of prejudice to the defendants or bad faith on the part of the plaintiffs, does not justify denying the plaintiffs the opportunity to amend their complaint[.]" *Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2013), *abrogated on other grounds by CSX Transp., Inc. v. Gen. Mills, Inc.*, 846 F.3d 1333 (11th Cir. 2017) (citation and alteration omitted); *see also In re Engle Cases*, 767 F.3d 1082, 1118 (11th Cir. 2014) ("The mere passage of time, without anything more, is an insufficient reason to deny leave to amend." (citation omitted)). Prejudice is "likely to exist if the amendment involves new theories of recovery or would require additional discovery." *Tampa Bay Water*, 731 F.3d at 1186 (citation omitted). The overwhelming weight of authorities holds that the expenditure of time, effort, or money to litigate an amendment does not constitute undue prejudice. *See, e.g., D.H. Pace Co., Inc. v. OGD Equip. Co., LLC*, 515 F. Supp. 3d 1316 (N.D. Ga. 2021); *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 455 (S.D.N.Y. 2016); *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 301 F.R.D. 5, 9-10 (D.D.C. 2013).

Leave to amend a complaint is considered futile "when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310

4

(11th Cir. 2007). The burden falls on the party opposing amendment to establish futility. *See Tims v. Golden*, 2016 WL 1312585, at *13 n.20 (S.D. Ala. Apr. 4, 2016) (collecting cases). If a proposed amendment is not clearly futile, then denial of leave to amend is improper. *See* 6 Wright & Miller, Federal Practice and Procedure § 1487 (3d ed. July 2022 update).

### III. Discussion

In his Motion to Amend, the Plaintiff requests leave to amend his Complaint to address federal pleading standards and to drop two of the corporate Defendants. (Pl.'s Mot. to Amend, at 2). The Plaintiff argues that the Defendants will not suffer any prejudice if leave to amend is granted because no discovery has been conducted and some of the Defendants have yet to file an answer. (*Id.* at 4). Additionally, the Plaintiff asserts that this is his first request for leave to amend and the proposed amendment is not futile. (*Id.*). The Plaintiff also explains that he wishes to drop Defendants BDC/Fuqua Retail, LLC and Braves Development Company to "streamline the matter." (*Id.* at 4-5).

In their individual capacities, the Officer Defendants argue in response that the Plaintiff's proposed amended complaint removes all reference to the security video footage of the incident at issue, which undermines their pending Motion to Dismiss. (Def. Officers' Resp. in Opp. to Mot. to Amend, at 4-5). The Officer Defendants contend that consideration of the security video is critical to the Court's determination of immunity and that removing any reference to the video from the Plaintiff's Complaint may jeopardize the Court's ability to

consider the video at the Motion to Dismiss stage. (*Id.* at 5-6). Additionally, the Officer Defendants assert that the Plaintiff seeks to amend his Complaint to state that the related criminal matter terminated in his favor, but instead, the Plaintiff's criminal charges were actually nolle prossed with conditions after negotiations with the State. (*Id.* at 6-7). The Officer Defendants also argue that the proposed amended complaint asserts multiple claims that fail as a matter of law, resulting in prejudice to them in having to defend against the claims. (*Id.* at 8). Finally, the Officer Defendants contend that the Plaintiff's proposed amendments change several important factual allegations in bad faith. (*Id.* at 9-10).

In their official capacities, the County Defendants filed an additional brief in opposition to the Plaintiff's Motion to Amend. The County Defendants argue that the Plaintiff waited too long to amend his Complaint and that such a delay will prejudice them. (Cnty. Defs.' Resp. in Opp. to Mot. to Amend, at 5-6). The County Defendants also contend that the Plaintiff's proposed allegation that Defendant Cobb County is liable under 42 U.S.C. § 1983 based on a policy of failing to enforce the use of body-worn cameras is futile and fails to establish a constitutional violation. (*Id.* at 6-7).

As an initial matter, the Court disagrees with the Defendants that the Plaintiff unreasonably delayed in filing his Motion to Amend. This matter was stayed at the Officer Defendants request only one week after it was removed to this Court and remained stayed until November 2023. The Plaintiff filed his

6

Motion to Amend 30 days later, on the date set for deadlines to resume in this matter. Therefore, there has been no undue delay on the part of the Plaintiff. The Court will address each argument in turn.

### A. Reference to Security Video Footage

First, the Court finds the Plaintiff's deletion of any reference to the security video in its amended complaint to be done with dilatory motive; that is, with intent to delay the Court's consideration of the video until the summary judgment stage. *Garcia*, 48 F.4th at 1220. This is evidenced by the breadth of the Plaintiff's arguments in response to the Officer Defendants' Motion to Dismiss that contest the Court's ability to consider the video at the motion to dismiss stage. (*See* Pl.'s Resp. in Opp. to Officer Defs.' Mot. to Dismiss, at 7-11). The Court can think of no other reason that the Plaintiff might delete all reference to the security video in his proposed amended complaint other than to circumvent the exception that permits consideration of evidence outside the four corners of the complaint in certain circumstances, so long as, *inter alia*, the Plaintiff references the evidence in the complaint. *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1214 n.1 (11th Cir. 2020) (noting that courts may "consider documents beyond the face of the complaint in ruling on a Rule 12(b)(6) motion to dismiss, where the plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss).

Nor has the Plaintiff attempted to provide any justification for removing the references in his proposed amended complaint other than arguing that any reference to the security video is "immaterial" because the security video is not central to the Plaintiff's claims. (Pl's Reply to Officer Defs. in Supp. of Mot. to Amend, at 7-8). That statement is patently false given that the security video documents the bulk of the events giving rise to the Plaintiff's claims and especially so given that much of what transpired that night is in dispute. The Plaintiff also appears to assume that if the Court considers the video at the motion to dismiss stage, the Court will circumvent the summary judgment stage or usurp the role of the jury. *See id.* at 9 ("But the Court cannot interpret the video against the Plaintiff and dismiss the Complaint based upon that interpretation."). The Court is making no such interpretation at this time. The Court will decide whether the security video factors in at the motion to dismiss stage, and if so, how, when it considers the Defendants' Motions to Dismiss. Presently, however, the Court is considering the Plaintiff's Motion for Leave to Amend, and the Plaintiff clearly seeks to delay the Court's consideration of this evidence by removing any reference to the video from his proposed amended complaint. *See Garcia*, 48 F.4th at 1220 (noting an exception to the rule promoting liberal leave to amend where there is dilatory motive). Therefore, the Court will deny the Plaintiff's Motion to Amend as to this issue, and the Plaintiff will not be permitted to remove the references to the security video that appear in the original Complaint.

8

## B. Futility of Asserted Claims

Next, the Court notes that the Plaintiff has not added any new counts to his proposed amended complaint and has instead made changes to some of the factual allegations supporting the claims he brought in the original Complaint. For example, the Officer Defendants primarily take issue with the Plaintiff's amendment to state that he "received a favorable termination of his criminal charges," whereas the original complaint stated that he "anticipate[d] a favorable termination of his criminal charges." (*Compare* Complaint ¶ 162 *with* Proposed Amended Complaint ¶ 163). The Plaintiff also added an allegation that his criminal charges were terminated with a nolle prosequi order. (Proposed Amended Complaint ¶ 115). The Officer Defendants would have this Court rely on these minute amendments to dismiss four of the Plaintiff's claims—claims that he asserted in the original Complaint—as futile, based on evidence they submitted that the Plaintiff's criminal charges were not favorably resolved as that phrase is defined under Georgia law. This evidence, they say, makes the Plaintiff's malicious prosecution, false imprisonment, false arrest, and illegal seizure claims dead in the water. These are arguments better raised at the motion to dismiss or summary judgment stage.

At best, it is unclear to the Court that evidence submitted with a response in opposition to a motion to amend may be relied on to dismiss claims as futile, and the Officer Defendants have not provided any case law

9

supporting the Court's authority to do so. The Court is therefore loath to make a futility determination on that basis. The Court doubts its authority to do so given that the Plaintiff would have no opportunity to refute the evidence at this stage, in addition to the Eleventh Circuit's strong caution against limiting amendments that prevent the merits resolution of a case. *Pinnacle Advert. & Mktg. Grp., Inc.*, 7 4th at 1000. And if the Officer Defendants seek only to have the Court deny the Plaintiff leave to amend instead, they will suffer no prejudice from the Plaintiff's semantic amendments to claims he brought in his original Complaint, and they remain free to assert their failure to state a claim arguments at the motion to dismiss stage.

Additionally, the County Defendants' argument regarding the Plaintiff's added allegations about the Cobb County Police Department's body-worn camera policy ("BWC policy") misstates the Plaintiff's *Monell* claim, the amendments to which are not futile. The Court agrees with the Plaintiff—he is not alleging that "Cobb County is liable under § 1983 and [*Monell*] based on a policy of failing to enforce use of [BWC] by its officers." (Cnty. Defs.' Resp. in Opp. to Mot. to Amend, at 7). Instead, as the original Complaint states, the Plaintiff's *Monell* claim is based on his allegation that "the County has creat[ed] a custom and practice of unreasonable and excessive force against its citizens . . . knowingly permitting, encouraging and ratifying such behavior resulted in [the Plaintiff's] injuries." (Compl ¶ 198). In the proposed amended complaint, the Plaintiff expounds on this allegation by stating that:

> Cobb County Police Department officers[] routinely engaged in the practice of . . . escalating disputes with citizens . . . and acting with excessive force[.] Based on information and belief, Defendant Monahan routinely did not engage his body-worn camera to allow supervisory review of his conduct. . . . Complaints were routinely 'rubber-stamped' as unfounded by all ranks including the Police Chief.

(Proposed Am. Compl. ¶ 203). The Plaintiff goes on to state:

> Defendant Cobb County was on notice of the unlawful arrests, excessive use of force[,] and other misconduct of Defendant Monahan and of other officers . . . . Defendant Cobb County was also on notice of the repeated failure of Defendant Monahan and other officers to activate their body-worn cameras, and for that camera footage to be reviewed.

(*Id.* ¶ 215). Thus, the basis of the Plaintiff's *Monell* claim is his allegation that Cobb County had a custom or policy of knowingly permitting excessive force against its citizens, relying on the allegations that officers were not disciplined for failing to use BWC and that their failure to use BWC prevented supervisory review of their conduct as support for the claim. The Court sees nothing about these amendments to the *Monell* claim that would warrant immediate summary judgment in favor of the County Defendants. *See Cockrell*, 510 F.3d at 1310. (holding that leave to amend is considered futile 'when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant"). Therefore, because the Plaintiff's proposed amendments to his *Monell* claim are not clearly futile, including adding factual allegations regarding BWC use, the Court will allow him leave to amend that claim. *See* 6 Wright & Miller, Federal Practice and Procedure

11

§ 1487 (3d ed. July 2022 update).

### C. Modification of Factual Allegations

The Officer Defendants have argued that several of the Plaintiff's factual allegations in his proposed amended complaint contradict the allegations in his original complaint, and that the Plaintiff did so in bad faith. The Court disagrees. Many of the "notable contradictions and changes" that the Officer Defendants cite are not contradictory and can be squared with the allegations in the original Complaint. For example, there is nothing contradictory about the Plaintiff first alleging that "Defendant Monahan . . . aggressively approached Mr. Farr . . . [with] no legitimate reason to approach Mr. Farr," and adding in his proposed Amended Complaint that the manager "tacitly signaled to Defendant Monahan to take over the situation." (Officer Defs.' Resp. in Opp. to Mot. to Amend, at 10). And the remaining changes are minute; for example, the Plaintiff changing his original allegation that Officer Monahan was instructed to remove another patron from the bar to an allegation that Officer Monahan was instead instructed to remove the Plaintiff and his friends from the bar. (*Id.* at 9).

In any event, none of these changes appear to be done in bad faith. The Eleventh Circuit has explained that "[b]ad faith can be shown where an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation." *Hall v.*

*Merola*, 6 F.4th 1282, 1296 (11th Cir. 2023) (alterations, citation, and quotation marks omitted). The Plaintiff's factual amendments do not meet any of these criteria. In fact, most of the Plaintiff's proposed changes likely arose from discovery and, as the County Defendants phrased it, are more of a "tighten[ing] [of] his allegations." (*See* Cnty. Defs.' Resp. in Opp. to Mot. to Amend, at 6). Nor have the Officer Defendants shown that they will suffer prejudice if the Plaintiff is permitted to amend his factual allegations as he has proposed since none of the cited changes involve a new theory of recovery, and no additional discovery will be required. *See Tampa Bay Water*, 731 F.3d at 1186. Therefore, the Court finds that the Officer Defendants have not overcome their burden to show that leave to amend should not be granted as to the Plaintiff's proposed factual modifications. *See* Fed. R. Civ. P. 15(a)(2).

### D. Request to Drop Certain Defendants

Finally, as there is no opposition to the Plaintiff's request to drop Defendants BDC/Fuqua Retail, LLC and Braves Development Company, the Court will grant that request under Fed. R. Civ. P. 21.

### IV. Conclusion

For the foregoing reasons, the Plaintiff's Motion to Amend the Complaint [Doc. 25] is GRANTED in part and DENIED in part. The Plaintiff is DIRECTED to file an amended complaint that complies with the directives herein within 14 days of the date of this Order. The Clerk is DIRECTED to drop Defendants BDC/Fuqua Retail, LLC and Braves Development Company

as parties to this action.

    SO ORDERED, this   13th   day of March, 2024.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
United States District Judge
