IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS ALLEN FARR,<br><br>   Plaintiff,<br><br>   v.<br><br>CTG HOSPITALITY GROUP, LLC<br>d/b/a/ LIVE! AT THE BATTERY, et al.,<br><br>   Defendants. | CIVIL ACTION FILE<br>NO. 1:22-CV-883-TWT |

**OPINION AND ORDER**

This is a civil rights case. It is before the Court on Defendants CTG Hospitality Group, LLC d/b/a/ Live! at The Battery ("CTG") and The Cordish Company ("Cordish")'s[1] Motion to Dismiss [Doc. 44]. As explained below, the Business Defendants' Motion to Dismiss [Doc. 44] is GRANTED.

I.   **Background**[2]

This case involves allegations that the Plaintiff suffered a broken neck after being tackled and placed in an arm bar by an off-duty police officer following an altercation with the manager of a bar. Plaintiff Thomas Allen Farr is an individual who resides in Cobb County, Georgia. (Am. Compl. ¶ 1). Defendants Cordish and CTG are some of the corporate entities that owned,

---

[1] Throughout this Order, the Court will refer to these two defendants collectively as the "Business Defendants."

[2] The Court accepts the facts as alleged in the Amended Complaint as true for purposes of the present Motion to Dismiss. *Wildling v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

operated, and/or did business at "Live! at the Battery" and/or "PBR Atlanta," and the Battery at the time the Plaintiff was injured. (*Id.* ¶¶ 18, 23). The Plaintiff filed this lawsuit to recover damages for the injuries he suffered on February 1, 2020. (*Id.*, at 2-3). He asserts twelve causes of action against fifteen named defendants. The Business Defendants have filed a Motion to Dismiss the Amended Complaint.

## II.  Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. Am, Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only

2

give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

### III. Discussion

The Business Defendants' first argument is that the Amended Complaint is an impermissible shotgun pleading. (Business Defs.' Br. in Supp. of Mot. to Dismiss, at 9-12). The Court agrees. "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citation omitted). "Shotgun pleadings are flatly forbidden by the spirit, if not the letter, of these rules because they are calculated to confuse the enemy, and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked." *Id.* (quotation marks and citation omitted). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citation omitted). There are "four rough types" of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* (compiling cases). This pleading practice has been referred to as the "mortal sin" or

"cardinal sin" of shotgun pleading. *Id.* at 1322; *Weissman v. Nat'l Ass'n of Sec. Dealers, Inc.*, 500 F.3d 1293, 1311 (11th Cir. 2007) (Tjoflat, J., dissenting); *see also Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014) ("The complaint, through its incorporation into successive counts all preceding allegations and counts, is a quintessential 'shotgun' pleading—the sort of pleading we have been roundly condemning for 30 years." (citation omitted)); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions.").

The Amended Complaint has committed this "mortal sin." (Am. Compl. ¶¶ 129, 137, 145, 155, 162, 168, 179, 192, 202, 223, 233, 247, 251). The twelfth cause of action incorporates the preceding 246 paragraphs of factual and legal claims. The Plaintiff does not dispute that fact and instead asks the Court to ignore it because the Amended Complaint is not indecipherable. (Pl.'s Br. in Opp'n to Bus. Defs.' Mot. to Dismiss, at 8-12).[3] The only case he provides in

---

[3] The Plaintiff also argues that the Business Defendants have waived this argument because they did not raise it in their first Motion to Dismiss or in opposition to the Plaintiff's Motion to Amend. (Pl.'s Br. in Opp'n to Bus. Defs.' Mot. to Dismiss, at 10). However, a defendant need not raise every argument that may warrant dismissal in opposition to a motion to amend, nor is a defendant barred from asserting arguments they failed to raise in a previous motion to dismiss. The Plaintiff provides no authority for its waiver argument.

support of his argument to ignore his pleading defect is *Hagan v. Comm'r, Ga. Dep't of Corr.*, 2023 WL 5621895, at *6 (11th Cir. 2023). Specifically, the Plaintiff points to fact that the court affirmed the district court after stating: "In choosing to rule on the merits, the district court found that despite Plaintiff's complaint exhibiting some characteristics of a shotgun pleading, the complaint provided sufficient notice to Defendants of the claims asserted against them and the grounds upon which the claims rested." *Id.*

Putting aside the fact that the defendant in that case did not ask the court to dismiss the complaint as a shotgun pleading, there is no indication in either the Eleventh Circuit opinion or the district court opinion that the plaintiff's complaint had incorporated all previous allegations into successive counts. *See id.* at *6-7; *Hagan v. Ward*, 2022 WL 1632158, at *3 n.2 (M.D. Ga. May 23, 2022). Instead, the district court vaguely stated that "Plaintiff's Complaint has characteristics of a typical shotgun pleading." *Hagan v. Ward*, 2022 WL 1632158, at *3 n.2 (quotation marks omitted). Meanwhile, it appears to the Court that the Court of Appeals was engaged in the application of a different category of shotgun pleadings. Namely, it seems the Court of Appeals was analyzing whether the complaint had been "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against" and simply found that it had not done so. *Hagan v. Comm'r*, 2023 WL 5621895, at *6 (citation omitted). Given the different context in which

5

*Hagan* occurred, the Court declines to apply it to this case.

Here, the Plaintiff has indisputably committed the "cardinal sin" of shotgun pleading and has not provided a single case of a court absolving a litigant of that sin. The Court will accordingly dismiss the Amended Complaint as a shotgun pleading. Since this is the first time in this case that the Court is dismissing a complaint on shotgun pleading grounds, the Court will dismiss without prejudice to give the Plaintiff an opportunity to amend the Amended Complaint. *See Vibe Micro, Inc.*, 878 F.3d at 1295 ("In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies." (citations omitted)). The Plaintiff will have fourteen days to file a Second Amended Complaint remedying the pleading defect described above.

## IV.   Conclusion

For the foregoing reasons, the Business Defendants' Motion to Dismiss [Doc. 44] is GRANTED. If the Plaintiff does not file a Second Amended Complaint within fourteen (14) days of this Order, this dismissal will be with prejudice.

SO ORDERED, this   29th   day of October, 2024.

*[signature]*
THOMAS W. THRASH, JR.
United States District Judge